## Miller Estate.

Argued April 28, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Ralph S. Snyder,* Deputy Attorney General, with him *Henry Thalenfeld,* Special Assistant Attorney General, and *Anne X. Alpern,* Attorney General, for Commonwealth, appellant.

*Martin J. Meyer,* with him *Joseph L. O'Donnell,* and *Joseph V. Kasper,* for appellee.

OPINION BY MR. JUSTICE COHEN, May 25, 1961:

This appeal requires that we determine whether a gift of $33,000 made by a decedent within one year of his death is such a "material part of his estate" that a statutory presumption arises that the gift was made in contemplation of death, and unless rebutted, is taxable as part of the decedent's estate as provided by the Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, as amended, 72 PS §2301(c).

The lower court held that because the gift represented only about one-eighth of the total estate including the gift, the presumption did not arise in favor of the Commonwealth; and since the Commonwealth did not sustain its burden of proving that the gift was in contemplation of death, the transfer was not part of the taxable estate.

While the proportion the gift bears to the total estate is a factor to be considered in determining whether a gift represents a "material part of the estate" it is not the sole factor. The size of the gift, the nature of the gift (e.g., cash, securities, type of interest) and

the nature of the remainder of the estate (e.g., liquid, title) must be considered in addition to the proportion.

It appears from the record that of the total estate of $261,000 approximately $53,000 was liquid. It was from the liquid assets of the estate that the substantial gift of $33,000 was made, which gift represented over sixty percent of the liquid estate and over twelve and one-half percent of the total estate. The remainder of the estate consisted of an interest in a partnership still intact at the time of decedent's death. An evaluation of all of the above factors compels the conclusion that the presumption that the gift was made in contemplation of death should have been applied, and that the burden should have been placed on the estate to prove otherwise.

Decree reversed with instructions to proceed in accordance with this opinion.

----

CONCURRING AND DISSENTING OPINION BY MR. JUSTICE BELL:

I agree that the gift of $33,000 was a gift of a material part of decedent's estate and consequently the statutory presumption arose. However, impending death was not the impelling motive of the gift—it was given to his daughter to enable her to buy a home and to escape the payment of federal gift and income taxes —and the evidence which the estate produced, which was not rebutted or even challenged by the Commonwealth and was not even discussed in the majority opinion, in my judgment rebutted the presumption.